Yvonne Bailey CARUSO and James
B. Bailey, Appellants,

v.

Joe D. SHROPSHIRE d/b/a Jay–Dee Oper-
ating Company, individually and as at-
torney-in-fact for Doris J. Advocate, et
al., Appellees.

No. 04–96–00584–CV.

Court of Appeals of Texas,
San Antonio.

Sept. 10, 1997.

David B. West, Toni D. Driver, Cox &
Smith Incorporated, San Antonio, for Appel-
lant.

J.W. Cooper, Jr., Cooper and Cooper, Cor-
pus Christi, for Appellee.

Before RICKHOFF, LÓPEZ and
ANGELINI, JJ.

## OPINION

ANGELINI, Justice.

This appeal arises from the granting of
summary judgment in a suit to foreclose on a
judgment lien. In eight points of error, ap-
pellants contend that the trial court erred in
granting appellees' motion for summary
judgment and denying appellants' motion for
summary judgment because the judgment
lien did not comply with the statutory re-
quirements and, therefore, never attached to
the property. We reverse the judgment of
the trial court and render judgment in favor
of appellants.

## FACTS

In 1988, James W. Bailey, Sr. (Bailey, Sr.)
died, leaving a will which devised a life estate
in 320 acres of land in Medina County, Texas
(the property) to his wife, Regina N. Bailey
(Mrs. Bailey) and a remainder interest to his
son James W. Bailey, Jr. (Bailey, Jr.). Bai-
ley, Jr. had two children, James B. Bailey
(James) and Yvonne Bailey Caruso (Yvonne).

In 1991, 54 plaintiffs obtained a judgment
against Bailey, Jr. One plaintiff, Mr. Joe D.
Shropshire, allegedly acting as attorney-in-
fact for all of the original judgment plaintiffs,
attempted to file a judgment lien against
Bailey, Jr.'s future interest in the property.
In 1992, Bailey, Jr. disclaimed his interest in
the property, which acted as an assignment
of his interest in the property to James and
Yvonne. Bailey, Jr. filed for bankruptcy in
1993. In 1995, the 54 plaintiffs filed suit
against Mrs. Bailey, James, and Yvonne to
foreclose the judgment lien and sell James's

and Yvonne's future interests in order to satisfy the judgment. The plaintiffs nonsuited Mrs. Bailey and moved for summary judgment against James and Yvonne. The defendant's filed a cross-motion for summary judgment. The trial court entered summary judgment in favor of the plaintiffs, finding that James's and Yvonne's future interests in the property were subject to the plaintiff's lien.

## ARGUMENT AND AUTHORITIES

In eight points of error, appellants argue that the lien did not attach to the property because the appellees failed to comply with the statutory requirements in obtaining a judgment lien. Appellants argue that the trial court erred by granting appellees' motion for summary judgment and denying appellants' motion for summary judgment. Alternatively, appellants argue that the trial court erred in concluding that no material fact issues existed regarding the interest of the sole named plaintiff in the judgment abstract.

We review the trial court's judgment under well-established summary judgment rules. The movant in a summary judgment proceeding has the burden of showing that no genuine issue of material fact exists, and that it is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *Nixon v. Mr. Property Management Co., Inc.,* 690 S.W.2d 546, 548 (Tex.1985); *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex.1972). In deciding whether a disputed material fact issue precludes summary judgment, we take as true all evidence favoring the non-movant. *Nixon,* 690 S.W.2d at 548–49. Every reasonable inference from the evidence will be indulged in favor of the non-movant, and any doubts will be resolved in its favor. *Id.*; *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex.1984).

■■■ It is well settled in Texas that it is the judgment creditor's responsibility to insure that the clerk abstracts the judgment properly. *Citicorp Real Estate, Inc. v. Banque Arabe Internationale D'Investissement,* 747 S.W.2d 926, 929 (Tex.App.—Dallas 1988, writ denied); *Texas American Bank/Fort Worth, N.A. v. Southern Union Exploration Co.,* 714 S.W.2d 105, 107 (Tex.App.—East-land 1986, writ ref'd n.r.e.). Moreover, since a judgment lien is statutorily created, substantial compliance with the statutory requirements is mandatory before a judgment creditor's lien will attach. *Sarny Holdings, Ltd. v. Letsos,* 896 S.W.2d 274, 276 (Tex. App.—Houston [1 Dist.] 1995, writ denied); *Apostolic Church v. American Honda Motor Co., Inc.,* 833 S.W.2d 553, 554 (Tex.App.—Tyler 1992, writ denied); *Citicorp Real Estate, Inc.,* 747 S.W.2d at 929.

Section 52.003 of the property code requires an abstract of judgment to contain the following seven elements:

(1) the names of the plaintiff and defendant;

(2) the birth date and driver's license number of the defendant if available to the clerk or justice;

(3) the number of the suit in which the judgment was rendered;

(4) the defendant's address, or if the address is not shown in the suit, the nature of citation and the date and place of service of citation;

(5) the date on which the judgment was rendered;

(6) the amount for which the judgment was rendered and the balance due; and

(7) the rate of interest specified in the judgment.

TEX. PROP.CODE ANN. § 52.003 (Vernon 1995). Section 52.004(b) of the property code further requires the clerk to index the abstract under:

(1) the name of each plaintiff in the judgment;

(2) the name of each defendant in the judgment; and

(3) the number of the page in the records in which the abstract is recorded.

TEX. PROP.CODE ANN. § 52.004(b) (Vernon 1995).

■■■ In this case, the abstract of judgment was indexed under "Joe D. Shropshire." None of the remaining 53 judgment plaintiffs were named in the abstract and the abstract was not indexed under any other name. The appellees contend that, at the time the lien was filed, Joe Shropshire acted as attorney in

fact for the remaining judgment plaintiffs. There is, however, nothing in the record to support appellees' claim nor do we find legal authority to support this argument. In fact, Texas case law is to the contrary.

■ Substantial compliance with the statutory requirements is necessary for a lien to exist. *Citicorp Real Estate, Inc.*, 747 S.W.2d at 931. Substantial compliance allows only a minor deficiency in an element of the abstract as opposed to omitting a statutorily required element altogether. *Id.* at 930. Omitting 53 plaintiffs' names in the abstract, as occurred in this case, amounts to omitting a statutorily mandated element, and therefore, no lien came into existence. *See, e.g., McGlothlin v. Coody*, 59 S.W.2d 819, 821 (Tex. Comm'n App.1933, judgm't adopted) (holding that where there are several plaintiffs on the face of the judgment the abstract must name all the plaintiffs to establish the existence of a lien); *Reynolds v. Kessler*, 669 S.W.2d 801, 805 (Tex.App.—El Paso 1984, no writ) (holding the names of each party to the judgment, both plaintiff and defendant, must appear in the index to effectuate a lien); *Barton v. Parks*, 127 S.W.2d 376, 378–79 (Tex.Civ.App.—Galveston 1939, writ ref'd) (holding substantial compliance with abstract of judgment statute requires listing all parties to judgment).

Because appellees failed to substantially comply with the requirements set forth in the property code regarding the abstracting of judgments by failing to list all of the judgment plaintiffs, we find that no lien was created. Appellant's first four points of error are sustained. Therefore, we need not address appellants' alternative points of error. The summary judgment is reversed and judgment is rendered in favor of appellants.