*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



★ ★ ★  ★ ★ ★

## OPINION

No. 04-07-00165-CV

**IN THE INTEREST OF A.G.G.**, A Child

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CI-14648
Honorable Michael P. Peden, Judge Presiding

Opinion by:   Sandee Bryan Marion, Justice

Sitting:   Catherine Stone, Justice
Sandee Bryan Marion, Justice
Rebecca Simmons, Justice

Delivered and Filed:   June 25, 2008

AFFIRMED

Appellant, Erubiel H. Garcia, appeals from the denial of his bill of review in which he asked

the trial court to set aside a May 24, 2005 Order in Suit to Modify Parent-Child Relationship.

Because appellant did not satisfy the requirements of a bill of review or a collateral attack on the

order, we affirm.

### FACTUAL BACKGROUND

In January 2004, the trial court signed a Final Decree of Divorce, which provided, in part,

as follows:

Child support

The Court finds that as part of the partition agreement the parties have
divided responsibility for payment of debt, that as part of that agreement [appellant]

is making the mortgage payment on the residence occupied by Delores Garcia which payment equals or exceeds the amount required to be paid as child support and exceeds the amount required to be paid pursuant to the child support guidelines. It is accordingly ordered that no child support nor medical support shall be paid by [appellant] so long as he pays the mortgage . . . to the present holder of such debt, GMAC Mortgage Company.

In May 2005, appellee, Delores Garcia, filed a "Counterpetition to Modify Parent-Child Relationship and Request for Temporary Orders Regarding Child Support," in which appellee sought to "chang[e] the place of payment for child support." As grounds for the modification, appellee stated, "the child support should no longer be paid to the Mortgage Company in that the residence has been sold. Instead the Order should be changed so that the child support should be paid directly to [appellee]. The amount of child support should remain the same." A hearing on the request for temporary orders was set for May 24, 2005. Neither appellant nor his attorney appeared at the hearing.[1] On May 24, 2005, instead of entering temporary orders, the trial court signed an Order in Suit to Modify Parent-Child Relationship, in which the court granted appellee's request for a modification, and ordered appellant to pay "child support" in the same amount as previously ordered, but now to be paid directly to appellee. On September 20, 2006, appellant filed a bill of review, challenging the order. The trial court denied the bill of review and this appeal ensued.

## BILL OF REVIEW

A bill of review is an equitable proceeding brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or appeal. *Caldwell v. Barnes,* 154 S.W.3d 93, 96 (Tex. 2004). Although a bill of review is an equitable proceeding, "the fact that an injustice has occurred is not sufficient to justify relief by bill of review." *Wembley Inv.*

---

[1] Counsel for appellant faxed a letter on May 24, 2005 to counsel for appellee, which stated in part as follows: "Thank you for calling me from the courthouse. . . . You said the purpose of the hearing was simply to change the address of the place to send child support payments, and I agreed to that change."

*Co. v. Herrera*, 11 S.W.3d 924, 927 (Tex. 1999). "Generally, bill of review relief is available only if a party has exercised due diligence in pursuing all adequate legal remedies against a former judgment and, through no fault of its own, has been prevented from making a meritorious claim or defense by the fraud, accident, or wrongful act of the opposing party." *Id.* "If legal remedies were available but ignored, relief by equitable bill of review is unavailable." *Id.* A bill of review petitioner claiming non-service, however, is relieved of showing he has a meritorious defense that he was prevented from asserting by the fraud, accident, or wrongful act of his opponent or a court official in the exercise of official duties, and proof of non-service conclusively negates any fault or negligence of his own. *Caldwell*, 154 S.W.3d at 96-97.

On appeal, appellant concedes appellee "gave notice of a Temporary Order hearing to obtain a change of address for payment." However, appellant complains appellee "did not give notice of Final Trial," therefore, he did not have actual or constructive notice that a judgment would be sought for child support, child support in excess of the guidelines, or retroactive child support. We agree that appellee's counter-petition provided appellant with notice of some but not all of the relief she sought. However, because appellant concedes notice of the May 24, 2005 hearing, we must next consider whether he acted diligently in prosecuting all adequate legal remedies against the order that resulted from that hearing. *See Ross v. Nat'l Center for the Employment of the Disabled*, 197 S.W.3d 795, 798 (Tex. 2006) ("While diligence is required from properly served parties or those who have appeared, those not properly served have no duty to act, diligently or otherwise.").

In its findings of fact and conclusions of law, the trial court found that, "[w]ith actual knowledge and assent to the judgment taken in the May 24, 2005 hearing, [appellant] had the ability to file a Motion for New Trial and the motion was not filed." On appeal, appellant does not dispute

that, after the hearing, he received notice of the Order in Suit to Modify Parent-Child Relationship. Nothing in the record before the trial court provides an explanation for why he failed to challenge the order with a motion for new trial. Therefore, on this record, we conclude appellant did not establish that he exercised due diligence to prosecute all adequate legal remedies against the May 24, 2005 order.[2]

Appellant also asserts the trial court lacked jurisdiction to render judgment because there is no pleading for child support and no pleading for retroactive child support. This argument confuses the concept of a trial court's jurisdiction to hear the subject-matter of the dispute with the adequacy of a plaintiff's pleadings. Appellee's counter-petition characterized the amount to be paid by appellant as "child support," she asked that the amount remain unchanged and be paid directly to her. Appellant did not file any special exception to the counter-petition, nor did he appear at the hearing on appellee's counter-petition for the purpose of challenging appellee's characterization of the payments he owed to her as "child support" or for the purpose of disputing appellee's claim that the amount of the "child support" "should remain the same" and be paid directly to her. Therefore, we conclude the trial court had jurisdiction and appellant's argument is without merit.

### VOID JUDGMENT

Also on appeal, appellant asserts the May 24, 2005 order is void because he filed for bankruptcy protection on April 4, 2005. In addition to the arguments in his bill of review,

---

[2] On appeal, appellant raises a number of complaints, such as: (1) "contempt may not be used for debt," (2) "there is no clear, specific and unambiguous child support order," (3) "appellee is not entitled to a default hearing," (4) "nonconformity with rule 245," (5) "judgment does not conform with pleadings," (6) "nonconformity with TEX. FAM. CODE § 154.009, 154.122, § 154.127 and § 154.131," (7) "court did not conform with TEX. FAM. CODE § 154.130(a)(3)," and (8) "inappropriate retroactive child support was ordered." While the arguments contained under these issues may relate to whether appellant has a meritorious defense, appellant was also required to establish he exercised due diligence to prosecute all adequate legal remedies against the May 24, 2005 order. Because we conclude appellant did not exercise due diligence, we do not address whether he had a meritorious defense.

appellant's argument that the order is void because his bankruptcy filing deprived the trial court of jurisdiction is in the nature of a collateral attack. A party making a collateral attack on a judgment does not need to meet the requirements of a bill of review. *Zarate v. Sun Operating Ltd., Inc.*, 40 S.W.3d 617, 620 (Tex. App.—San Antonio 2001, pet. denied). There is no set procedure for a collateral attack and no statute of limitations. *Id.* at 620-21. A collateral attack may be used to set aside a judgment that is void or involves fundamental error. *Id.* at 621. However, the ability to collaterally attack a judgment is limited because we presume the validity of the judgment under attack, and extrinsic evidence may not be used to establish a lack of jurisdiction. *Toles v. Toles*, 113 S.W.3d 899, 914 (Tex. App.—Dallas 2003, no pet.); *Davis v. Boone*, 786 S.W.2d 85, 87, n.3 (Tex. App.—San Antonio 1990, no writ). To prevail on a collateral attack, the challenger must show that the judgment is void on its face. *Sotelo v. Scherr*, 242 S.W.3d 823, 830 (Tex. App.—El Paso 2007, no pet.). A collateral attack fails if the judgment contains jurisdictional recitals, even if other parts of the record show a lack of jurisdiction. *Toles*, 113 S.W.3d at 914.

Here, the May 24, 2005 order contains the following jurisdictional recitals: "The Court, after examining the record and the evidence and argument of counsel, *finds that it has jurisdiction of this case and of all parties* and that no other court has continuing, exclusive jurisdiction of this case." [Emphasis added.] Similar language has been found sufficient to establish the jurisdictional basis for a valid judgment. *See Narvarez v. Maldonado*, 127 S.W.3d 313, 317-18 (Tex. App.—Austin 2004, no pet.); *Shackelford v. Barton*, 156 S.W.3d 604, 606 (Tex. App.—Tyler 2004, pet. denied); *Toles*, 113 S.W.3d at 914-15. Accordingly, appellant's collateral attack on the order must fail.[3]

---

[3] Even if we were to examine extrinsic evidence, we note that although there are references to appellant's bankruptcy in the record, all references are in only general terms. Nothing in the record on appeal supports appellant's contention of the precise date on which he filed for bankruptcy.

## CONCLUSION

We conclude the trial court did not abuse its discretion in denying appellant's bill of review. Accordingly, we affirm the trial court's order.

Sandee Bryan Marion, Justice