Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

# MEMORANDUM OPINION

No. 04-08-00251-CV

Erubiel H. **GARCIA** Sr.,
Appellant

v.

Amy A. **GEISTWEIDT**,
Appellee

From the 288th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-CI-00401
Honorable Larry Noll, Judge Presiding

Opinion by:     Steven C. Hilbig, Justice

Sitting:         Sandee Bryan Marion, Justice
                 Rebecca Simmons, Justice
                 Steven C. Hilbig, Justice

Delivered and Filed:   April 22, 2009

AFFIRMED

This is an appeal from a trial court's order granting a no evidence motion for summary judgment and awarding attorney's fees in favor of appellee Amy A. Geistweidt. Appellant Erubiel H. Garcia Sr. brings three issues challenging the trial court's order. We affirm.

## BACKGROUND

In 2004, Erubiel H. Garcia Sr. and Delores Rodriguez Lopez were divorced. The divorce decree provided that pursuant to the parties' agreement, which was attached to the decree and incorporated by reference, "no child support nor medical support shall be paid by ERUBIEL H. GARCIA so long as he pays the mortgage of $2,470.12 per month to the present holder of such debt, GMAC Mortgage Company."[1] In 2005, claiming Garcia had failed to make the required mortgage payments, Lopez filed a motion to enforce child support. The trial court found Garcia in arrears and signed an order of contempt.[2] Thereafter, Lopez filed a motion to modify seeking to change the place for payment of child support from the mortgage company to Lopez directly. *In re A.G.G.*, 267 S.W.3d 165, 167 (Tex. App.–San Antonio 2008, pet. denied). The trial court granted the motion and signed an order requiring Garcia to pay child support directly to Lopez in the same amount as previously ordered. *Id.* The court further ordered child support withheld from Garcia's earning by his employer, though no withholding order was ever actually signed, and signed a Bexar County Child Support Office Record of Support form ("the form"). Appellant filed a bill of review challenging the order, which the trial court denied, and then appealed to this court. *Id.* at 168. We held Garcia did not satisfy the requirements for a bill of review or a collateral attack on the order.

---

[1] The parties' "Agreement Incident to Divorce" provided, with regard to child support:

> The parties agree and stipulate that in lieu of child support . . . GARCIA agrees to pay the monthly mortgage payments in the amount of $2,470.12 on the property located at 9510 Keith Anthony, Helotes, Texas. The parties stipulate and agree that this amount exceeds any amounts that . . . GARCIA would be required to pay by the Court and exceeds the applicable child support guideline amount of child support.

The parties further agreed Lopez would not seek any child support, but could prosecute a proceeding to establish and enforce child support in the event Garcia failed to make the required mortgage payments.

[2] Garcia has appealed this ruling and the matter is currently pending before this court in cause number 04-08-00579-CV, styled *In the Interest of A.G.G., a Child*.

Accordingly, we upheld the trial court's order. *Id.* at 167. Garcia was subsequently held in contempt a second time for nonpayment of child support.

In 2007, Garcia filed suit against Lopez alleging breach of contract based on the Agreement Incident to Divorce. Garcia subsequently amended his petition to include tort claims against Lopez as well as a claim for fraud against Lopez's attorney Amy A. Geistweidt.[3] Garcia's claim against Geistweidt is based on information in the form, which he claims was completed by Geistweidt. The form contains information for the employer of an obligor required by order to withhold child support. On the form is a blank to indicate whether income is to be withheld. In this case, the "yes" blank was originally selected, which is what was ordered by the trial court. However, the "x" in the "yes" blank was scratched out and an "x" was placed in the "no" blank and was circled. Garcia claimed Geistweidt fraudulently selected the "no" blank, which caused the employer to fail to withhold the required support payments, allowing arrearages to accumulate with interest before Garcia became aware of the court's order. He contended that if Geistweidt had checked the "yes" blank pursuant to the court's order, he would have been aware of his obligation "within a month or two" instead of a year later when he was finally contacted by the Bexar County Child Support Office. Garcia claimed that as a result of Geistweidt's fraud he incurred damages in the form of "inappropriate child support," interest, attorney's fees, lost wages, lost profits, and other costs.

Lopez and Geistweidt filed original and amended no evidence motions for summary judgment. In addition to claiming there was no evidence to support Garcia's claims, the motions alleged Garcia brought his claims in bad faith and for harassment, entitling them to attorney's fees,

---

[3] In his first amended petition, Garcia also included additional tort claims against Geistweidt. However, he subsequently dropped all claims against Geistweidt except the fraud claim.

costs, and expenses. Garcia filed a response. The trial court denied Lopez's no evidence motion for summary judgment, but granted Geistweidt's and awarded her attorney's fees. The trial court ordered a severance of the claims against Geistweidt, creating a final appealable judgment.

## ANALYSIS

Garcia raises three issues on appeal, challenging the trial court's order. He argues the trial court erred: (1) in granting Geistweidt's no evidence motion for summary judgment because the motion was, in actuality, a traditional motion for summary judgment unsupported by any evidence, (2) in granting Geistweidt's no evidence motion for summary judgment because he produced more than a scintilla of evidence on each element of his fraud claim, and (3) in awarding attorney's fees to Geistweidt.

### *Traditional Motion Versus No Evidence Motion*

Garcia contends that because Geistweidt entitled her motion "Amended Motion . . . For Rule 166(a) No-Evidence Summary Judgment" without specifically referencing rule 166a(i), and in her conclusion and prayer asked the court for "summary judgment," her motion is ambiguous. Therefore, her motion should have been construed as a traditional motion for summary judgment, and being unsupported by any evidence, should have been denied. We disagree.

Rule 166a(i) does not prescribe a particular form, style, or outline for a no evidence motion, nor does it require that a no evidence motion state it is brought under the rule. *Welch v. Coca-Cola Enters.*, 36 S.W.3d 532, 536 (Tex. App.–Tyler 2000, pet. dism'd by agr.); *Roth v. FFP Operating Partners, L.P.*, 994 S.W.2d 190, 194 (Tex. App.–Amarillo 1999, pet. denied). Rule 166a(i) requires only that a no evidence motion for summary judgment "state the elements as to which there is no evidence." TEX. R. CIV. P. 166a(i). The comment to the rule, which is "intended to inform the

construction and application of the rule," states the motion "must be specific in challenging the evidentiary support for an element of a claim or defense" and the rule "does not authorize conclusory motions or general no-evidence challenges to an opponent's case." TEX. R. CIV. P. 166a(i) cmt. If a no evidence motion is conclusory or does not specifically challenge a particular element of a defense, the motion is legally insufficient. *Callaghan Ranch, Ltd. v. Killam*, 53 S.W.3d 1, 3 (Tex. App.–San Antonio 2000, pet. denied).

Here, while the caption of the motion does not reference rule 166a(i), it specifically states it is a no evidence motion. Moreover, in the introductory paragraph, the motion states that the parties are filing "this their Motion for Rule 166(a)I [sic] no evidence Summary Judgment." The substance of the motion as to fraud specifically challenges five of the six delineated elements of fraud. Finally, no evidence is attached to the motion, as would be required in a traditional motion. *See* TEX. R. CIV. P. 166a(c). Accordingly, we hold that Geistweidt's motion is a proper no evidence motion for summary judgment and we will construe it as such. *See, e.g., Marts ex rel Marts v. Transp. Ins. Co.*, 111 S.W.3d 699, 702 (Tex. App.–Fort Worth 2003, pet. denied) (construing motion entitled "Defendant Transportation Insurance Company's Motion for Summary Judgment" as no evidence motion for summary judgment where sole ground is motion was that defendant was entitled to judgment as matter of law because plaintiff produce no evidence of causation); *Roth*, 994 S.W.2d at 194-95 (construing motion as no evidence motion for summary judgment where words "no-evidence" appeared at least eight times in four specific challenges to elements of claims). We overrule this issue.

*Summary Judgment*

Garcia contends the trial court erred in granting the no evidence summary judgment in favor of Geistweidt because he produced more than a scintilla of evidence on each element of fraud challenged by Geistweidt.

Under rule 166a(i), a party is entitled to summary judgment if, after adequate time for discovery, there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. *Fort Worth Osteopathic Hosp.*, *Inc. v. Reese*, 148 S.W.3d 94, 99 (Tex. 2004). We review a no evidence motion using the de novo standard. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Eastin v. Dial*, No. 04-06-00377-CV, 2009 WL 196215, at *4 (Tex. App.—San Antonio Jan. 28, 2009, no pet. h.). A no evidence motion for summary judgment must be granted unless the non-movant produces more than a scintilla of evidence raising a genuine issue of material fact on each challenged element. *Reese*, 148 S.W.3d at 99; *Eastin*, 2009 WL 196215, at *4. More than a scintilla of evidence exists only when the evidence supporting the finding, as a whole, rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *Merrell Dow Pharms.*, *Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997), *cert. denied*, 523 U.S. 1119 (1998). Less than a scintilla exists when the evidence does nothing more than create a mere surmise or suspicion of a fact. *Sw. Bell Tel. Co. v. Garza*, 164 S.W.3d 607, 620 (Tex. 2004).

To establish fraud by affirmative misrepresentation as alleged here, Garcia must prove Geistweidt (1) made a material misrepresentation (2) she knew was false or recklessly made it without any knowledge of its truth (3) with the intent it should relied upon by Garcia, and (4) Garcia relied and suffered injury. *See In re FirstMerit Bank*, *N.A.*, 52 S.W.3d 749, 758 (Tex. 2001). In her

no evidence motion for summary judgment, Geistweidt asserted there was no evidence with regard to any element of fraud. If Garcia failed to produce a scintilla of evidence on even one of the elements challenged by Geistweidt, she was entitled to summary judgment.

Garcia first had to show it was Geistweidt who made a false, material misrepresentation. Garcia's fraud claim is premised on his assertion that Geistweidt altered the form, changing the "yes" to "no" with regard to income withholding. The only evidence Garcia relies on for his claim that Geistweidt altered the form is the form itself. The form indicates it was prepared by Geistweidt and is signed by her. However, the trial court also signed the form. Garcia acknowledges the change from "yes" to "no" is not initialed. He also admits the form was filed and delivered to the Bexar County Child Support Office. There is no indication who altered the form. There is no evidence Geistweidt made the alleged misrepresentation upon which Garcia bases his cause of action, and Garcia has therefore failed to sustain his burden. Accordingly, we hold the trial court did not err in granting Geistweidt's no evidence motion for summary judgment and overrule Garcia's issue.

### *Attorney's Fees*

Finally, Garcia claims the trial court abused its discretion in awarding attorney's fees to Geistweidt. He argues the fee award must be reversed because the only legal basis for the award of fees pled by Geistweidt, sanctions pursuant to rule 13 of the Texas Rules of Civil Procedure, is unsupported by findings of good cause. Geistweidt counters that Garcia has waived any complaint about attorney's fees because he did not object below and request that the particular grounds for the award of sanctions be stated by the trial court.

Rule 13 states, "No sanctions under this rule may be imposed except for good cause, the particulars of which must be stated in the sanction order." TEX. R. APP. P. 13. Trial courts are

required by the clear language of the rule to make particularized findings of good cause justifying sanctions. *Id.* However, Garcia waived any error by failing to object to the form of the court's order or requesting more particularity in the order. *See*, *e.g.*, *Olibas v. Gomez*, 242 S.W.3d 527, 532 (Tex. App.–El Paso 2007, pet. denied); *Colonial County Mut. Ins. Co. v. Ruiz*, No. 04-05-00578-CV, 2006 WL 141451, at *3 (Tex. App.–San Antonio Jan. 18, 2006, no pet.) (mem. op.); *Spiller v. Spiller*, 21 S.W.3d 451, 456 (Tex. App.–San Antonio 2000, no pet.). Because nothing is preserved for our review, we overrule the issue.

## CONCLUSION

Having overruled all of Garcia's issues, we affirm the trial court's judgment in favor of Geistweidt.

Steven C. Hilbig, Justice