



## MEMORANDUM OPINION

No. 04-09-00002-CV

Homero **GARCIA**, Kasandra Garcia, Humberto Hinojosa,
Lorena Hinojosa, and Hugo Hinojosa Jr.,
Appellants

v.

Lydia **GUERRERO** individually and Lydia Guerrero as representative of the estate of Serafin
Guerrero and Javier Guerrero, Norma Guerrero, Diana Guerrero Pena, Israel Guerrero, and David
Guerrero,
Appellees

From the 229th Judicial District Court, Starr County, Texas
Trial Court No. DC-05-458
Honorable Alex W. Gabert, Judge Presiding

Opinion by:    Steven C. Hilbig, Justice

Sitting:    Phylis J. Speedlin, Justice
Rebecca Simmons, Justice
Steven C. Hilbig, Justice

Delivered and Filed: January 20, 2010

REVERSED AND REMANDED

Homero Garcia, Kasandra Garcia, Humberto Hinojosa, Lorena Hinojosa, and Hugo Hinojosa,

Jr. appeal a final judgment in an action involving a fraudulent transfer claim. The Garcias and the

Hinojosas claim the trial court erred in rendering judgment in favor of the appellees because: (1) the

trial court erred in refusing to declare a 2001 judgment in favor of the appellees void either in whole

or in part; (2) the evidence is legally and factually insufficient to support the trial court's finding that Homero Garcia fraudulently transferred property; (3) the trial court erred in failing to declare the abstract of the 2001 judgment invalid; (4) the evidence is legally and factually insufficient to support the damage awards and attorney's fees; and (5) the trial court erred in entering a post-answer default judgment against the Hinojosas. The appellees did not file a brief in this appeal.

## BACKGROUND

In 2001, the appellees, Serafin Guerrero, Lydia Guerrero, Norma Guerrero, Diana Guerrero Pena, Israel Guerrero, and David Guerrero, were awarded damages in a suit against Homero Garcia for the death of Javier Guerrero. Serafin and Lydia were awarded $100,000.00 each as the surviving parents of Javier. The remaining appellees are Javier's siblings and were also each awarded $100,000.00. Javier's estate received $50,000.00 for the survival claim. The judgment was signed in 2001 and in February of 2005, the appellees filed an abstract of judgment.

In August and September of 2005, Homero Garcia conveyed his interest in three tracts of land, totaling 86.65 acres, to the Hinojosas by warranty deed. Homero testified the Hinojosas paid $43,325.00 for the property; however, there was no documentary evidence supporting his testimony. In September of 2005, Homero also conveyed his interest in a 270.617 acre tract of land to his daughter, Kasandra Garcia, by gift deed.

After the transfer of the property, the appellees sued Homero, Kasandra, and the Hinojosas asserting the conveyances to the Hinojosas and Kasandra were made with the intent to hinder, delay or defraud the appellees as judgment creditors. Homero and Kasandra filed a counterclaim seeking a declaratory judgment that the 2001 judgment was void in whole or in part. Homero and Kasandra claim the 2001 judgment's award of damages to Norma, Diana, Israel, and David was void because

they were Javier's siblings and had no standing to recover for his wrongful death. Homero and Kasandra also claim the 2001 judgment was void as to Javier's estate because the estate lacked standing to bring a claim. Finally, Homero and Kasandra plead the abstract of the 2001 judgment was invalid.

After a bench trial, the trial court found the transfer of property by Homero was fraudulent and set aside the deeds. The court also awarded the Guerreros damages and attorney's fees. Homero, Kasandra, and the Hinojosas filed this appeal.

## 2001 JUDGMENT

Homero and Kasandra contend neither Javier's siblings nor Javier's estate had standing to recover in the 2001 action against Homero and the 2001 judgment was therefore void. Final judgments that are void for jurisdictional defects are subject to a collateral attack. *Browning v. Prostok*, 165 S.W.3d 336, 346 (Tex. 2005); *In re A.G.G.*, 267 S.W.3d 165, 169 (Tex. App.—San Antonio 2008, pet. denied). To prevail on a collateral attack, the challenger must show that the judgment is void on its face. *In re A.G.G.*, 267 S.W.3d at 169. In a collateral attack, we presume the judgment under attack is valid, and we may not rely on extrinsic evidence to establish a lack of jurisdiction. *In re A.G.G.*, 267 S.W.3d at 169; *Cadle Co. v. Bray*, 264 S.W.3d 205, 214 (Tex. App.—Houston [1st Dist.] 2008, pet. denied)

In order for a court to have subject matter jurisdiction, the party bringing the suit must have standing. *State Bar of Tex. v. Gomez*, 891 S.W.2d 243, 245 (Tex. 1994). A court has no jurisdiction over a claim made by a plaintiff without standing to assert it. *DaimlerChrysler Corp. v. Inman*, 252 S.W.3d 299, 304 (Tex. 2008). If the district court lacks subject matter jurisdiction, any judgment rendered by the court is void. *Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex. 1990).

A wrongful death cause of action did not exist at common law but was created by statute. TEX. CIV. PRAC. & REM. CODE ANN. § 71.002(b) (Vernon 2008); *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 356 (Tex. 1990). An action to recover for wrongful death is for the exclusive benefit of the surviving spouse, children, and parents of the deceased. TEX. CIV. PRAC. & REM. CODE ANN. § 71.004(a) (Vernon 2008); *Hogan v. Hearst Corp.*, 945 S.W.2d 246, 252 (Tex. App.—San Antonio 1997, no writ). Surviving siblings of the deceased do not have standing to bring a wrongful death action. *Hogan*, 945 S.W.2d at 252.

The 2001 judgment in the wrongful death suit awarded $100,000.00 in damages to each of Javier's siblings. The 2001 judgment specifically listed each sibling as follows (1) "Norma Guerrero - the sister of Javier Guerrero, Deceased;" (2) "Diana Guerrero Pena - the sister of Javier Guerrero, Deceased;" (3) "Israel Guerrero - the brother of Javier Guerrero, Deceased;" and (4) "David Guerrero - the brother of Javier Guerrero, Deceased." The siblings lacked standing and the face of the record demonstrates the trial court did not have subject matter jurisdiction over their claims. *Id*. Therefore, the 2001 judgment is void as to the damage awards to Norma, Diana, Israel, and David.

The appellees also argue the 2001 judgment is void as to the damage award to Javier's estate. Appellees are correct that an estate is not a legal entity that can sue or be sued. *Henson v. Estate of Crow*, 734 S.W.2d 648, 649 (Tex. 1987). However, judgment on behalf of an estate is not void if the personal representative of the estate appears in or participates in the lawsuit. *See Estate of C.M. v. S.G.*, 937 S.W.2d 8, 10 (Tex. App.—Houston [14th Dist.] 1996, no writ); *Dueitt v. Dueitt*, 802 S.W.2d 859, 861 (Tex. App.—Houston [1st Dist.] 1991, no writ). The 2001 judgment identifies Serafin and Lydia Guerrero as personal representative of Javier's estate and they also participated in the trial. The damage award to Javier's estate is not void. *See Russell v. Ingersoll-Rand Co.*, 841

S.W.2d 343, 345 (Tex. 1992) (noting recovery obtained in survival claim flows to those who would have received it had decedent obtained it immediately prior to his death – that is, his heirs, legal representatives and estate); *Harris County Hosp. Dist. v. Estrada*, 872 S.W.2d 759, 764 (Tex. App.—Houston [1st Dist.] 1993, writ denied) (noting survival claim is estate's claim for personal injuries and includes damages for conscious pain and suffering decedent suffered before death).

The 2001 judgment is void and is vacated as to the award of damages to Norma, Diana, Israel, and David.[1] The 2001 judgment as to Javier's estate's award of damages is not void.

### FRAUDULENT TRANSFER

Homero, Kasandra and the Hinojosas contend the evidence is legally and factually insufficient to support the trial court's finding that Homero's conveyances of property to Kasandra and the Hinojosas were fraudulent transfers. We review the trial court's findings under the same legal and factual sufficiency standards applied in reviewing evidence supporting a jury verdict. *Long v. Long*, 196 S.W.3d 460, 464 (Tex. App.—Dallas 2006, no pet.). We sustain a legal sufficiency challenge where (1) there is a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a scintilla, or (4) the evidence conclusively establishes the opposite of a vital fact. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). Evidence that is more than a scintilla is sufficient to enable reasonable and fair-minded people to differ in their conclusions and evidence that is less than a scintilla is evidence so weak it

---

[1] "A judgment may be void in part and valid in part provided the valid portion is not so dependent on the invalid as to fall with it." *Supak v. Zboril*, 56 S.W.3d 785, 795 (Tex. App.—Houston [14th Dist.] 2001, no pet.) (quoting *Kubena v. Hatch*, 144 Tex. 627, 193 S.W.2d 175, 177 (1946)); *see also Missouri-Kansas-Texas R. Co. v. Pluto*, 138 Tex. 1, 156 S.W.2d 265, 269 (1941) (noting judgment against several persons may be set aside as to one or more of them and allowed to stand as to the others).

does no more than create a surmise or suspicion of a fact. *Id*. In a legal sufficiency review, we view the evidence in a light most favorable to a finding and indulge every reasonable inference to support it. *City of Keller v. Wilson*, 168 S.W.3d 802, 807, 822 (Tex. 2005). We credit favorable evidence if a reasonable fact-finder could, and disregard contrary evidence unless a reasonable fact-finder could not. *Id*.

When reviewing a challenge to the factual sufficiency of the evidence, we examine the entire record, considering both the evidence in favor of and contrary to the challenged finding. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986). After considering and weighing all the evidence, we set aside the fact finding only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986). The trial court as the fact-finder, weighs the evidence, and resolves any conflicts or inconsistencies that exist. *Young v. Young*, 168 S.W.3d 276, 281 (Tex. App.—Dallas 2005, no pet.).

Under both standards, we do not pass on witness credibility or substitute our judgment for the trier of fact to reach a different conclusion. *Long*, 196 S.W.3d at 464. The trial court may choose to believe one witness and disbelieve another, and we must not impose our own opinion to the contrary. *City of Keller*, 168 S.W.3d at 819.

A transfer made by a debtor is fraudulent as to a creditor if the transfer was made with the actual intent to hinder, delay or defraud the creditor. TEX. BUS. & COM. CODE ANN. § 24.005(a)(1) (Vernon 2009). Circumstantial evidence may be used to prove fraudulent intent because direct evidence is often unavailable. *G.M. Houser, Inc. v. Rodgers*, 204 S.W.3d 836, 842 (Tex. App.—Dallas 2006, no pet.). Section 24.005(b) of the Texas Business and Commerce Code provides

a non-exhaustive list of "badges of fraud" to be considered in determining whether a transfer was

made with actual intent to defraud:

(1) the transfer or obligation was to an insider;
(2) the debtor retained possession or control of the property transferred after the transfer;
(3) the transfer or obligation was concealed;
(4) before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit;
(5) the transfer was of substantially all the debtor's assets;
(6) the debtor absconded;
(7) the debtor removed or concealed assets;
(8) the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;
(9) the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;
(10) the transfer occurred shortly before or shortly after a substantial debt was incurred; and
(11) the debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

TEX. BUS. & COM. CODE ANN. § 24.005(b) (Vernon 2009). An individual "badge of fraud" is not

sufficient to establish fraud; however, when there are several indicia of fraud, they can form the basis

for an inference of fraud. *G.M. Houser, Inc.*, 204 S.W.3d at 843. The question of whether a transfer

of property was made with the intent to defraud creditors is "uniquely within the realm of the trier

of fact because it so depends upon the credibility of the witnesses and the weight to be given to their

testimony." *Coleman Cattle Co. Inc., v. Carpentier,* 10 S.W.3d 430, 433 (Tex. App.—Beaumont

2000, no pet.).

Taking all the surrounding circumstances into consideration, several "badges of fraud" are

evident here. The transfer to Kasandra was clearly to an insider. Kasandra testified she knew

nothing of the underlying judgment and the trial court could infer from this testimony the obligation

was concealed. No title company was involved in the transfers to the Hinojosas or to Kasandra. The

deeds to both the Hinojosas and Kasandra expressly state, "NO TITLE EXAMINATION WAS REQUESTED IN CONNECTION WITH THE PREPARATION OF THIS DOCUMENT, NOR WAS ANY MADE." The 2001 judgment was signed before the conveyances were made, and the conveyances were made within months of the abstract of judgment being filed of record. Weighing the contradictory evidence presented, the trial court could have found that the value of the consideration received by Homero was not reasonably equivalent to the value of the property transferred. Both before and after the conveyances, Homero owed and continued to owe excessive amounts of property taxes. This outstanding debt supports an inference that Homero was insolvent. Kasandra testified that Homero continued to have use of and access to the property he conveyed to her "to take care of the cattle and everything." Given the evidence presented and deferring to the trial court's evaluation of the credibility of the witnesses and the weight to be given their testimony, the evidence is legally and factually sufficient to support the trial court's finding that the conveyances were fraudulent transfers.

### ABSTRACT OF JUDGMENT

The appellants contend the trial court erred in finding the abstract of the 2001 judgment substantially complied with section 52.003 of the Texas Property Code. Specifically, the appellants contend the abstract: (1) omitted the balance due on the judgment; (2) omitted the name of the party-defendant; and (3) was not indexed in the name of or against the defendant.

A judgment creditor is responsible for ensuring that the clerk abstracts the judgment properly. *Caruso v. Shropshire*, 954 S.W.2d 115, 116 (Tex. App.—San Antonio 1997, no pet.). Section 52.003 of the Property Code requires an abstract of judgment to contain the following seven elements:

(1) the names of the plaintiff and defendant;
(2) the birth date and driver's license number of the defendant if available to the clerk or justice;
(3) the number of the suit in which the judgment was rendered;
(4) the defendant's address, or if the address is not shown in the suit, the nature of citation and the date and place of service of citation;
(5) the date on which the judgment was rendered;
(6) the amount for which the judgment was rendered and the balance due; and
(7) the rate of interest specified in the judgment.

TEX. PROP. CODE ANN. § 52.003 (Vernon 1995). Substantial compliance with the statutory requirements for creating a judgment lien is mandatory in order for a judgment creditor's lien to attach. *Id*. Substantial compliance allows a minor deficiency in the abstract but not the omission of a statutory element altogether. *Id*. at 117.

The abstract of the 2001 judgment listed the amount of the judgment, the applicable interest rate, and the amount of costs. Although the abstract is silent as to credits paid, the appellants do not contend in their brief and presented no evidence at trial that they were entitled to any credits that should have been shown on the abstract. An abstract is not required to affirmatively reflect that no credits have been paid on the judgment. *Apostolic Church v. Am. Honda Motor Co.*, 833 S.W.2d 553, 555 (Tex. App.—Tyler 1992, writ denied); *Willis v. Pegues*, 218 S.W. 96, 98-99 (Tex. Civ. App.—Beaumont 1920, no writ). The abstract substantially complies with the statutory requirement with regard to the balance due because the balance due on the judgment can be mathematically calculated from the information in the abstract. *Apostolic Church*, 833 S.W.2d at 555; *Kingman Tex. Implement Co. v. Borders*, 156 S.W. 614, 616 (Tex. Civ. App.—San Antonio 1913, no writ).

The appellants also contend the abstract of judgment is deficient because it lacks the name of the party-defendant. The abstract, however, accurately lists the following defendants: (1) Homero Garcia, individually and d/b/a Los Tepos Night Club; (2) Daniel Hinojosa; and (3) Americo

Gutierrez. Finally, the appellants contend that the abstract of judgment was "not indexed in the name of or against the defendant." The record contains a copy of a search result report showing the abstract was indexed with the names of the grantees listed as "Garcia Homero, Ind., Gutierrez Americo, Hinojosa Daniel, and Los Tepos Night Club." An index listing the defendant as grantee substantially complies with the statutory indexing requirement. *See Murray v. Cadle Co.*, 257 S.W.3d 291, 297-99 (Tex. App.—Dallas 2008, pet. denied). Therefore, the abstract is valid.

### DAMAGES AND ATTORNEYS FEES

Appellants contend the appellees' evidence "made no single mention or reference to any damages arising out of or caused by the alleged fraudulent transfers." Remedies for fraudulent transfer include (1) avoidance of the transfer to the extent necessary to satisfy the creditor's claim; (2) an attachment or other provisional remedy; or (3) other equitable remedies such as injunctions, appointment of receivers or a judgment for the debt owed. TEX. BUS. & COM. CODE ANN. § 24.008(a)(Vernon 2009); *Airflow Houston, Inc. v. Theriot*, 849 S.W.2d 928, 929 (Tex. App.—Houston [1st Dist.] 1993, no writ). If a judgment is for the debt owed, the judgment must be for the amount necessary to satisfy the creditor's claim or the adjusted value of the asset transferred, whichever is less. TEX. BUS. & COM. CODE ANN. §§ 24.008(a) & 24.009(b) (Vernon 2009). The judgment in this case not only set aside the conveyances to Kasandra and the Hinojosas but also awarded judgment against Homero, Kasandra and the Hinojosas for $650,000.00. The trial court's finding with regard to the amount of damages recoverable was clearly based on the amount of damages awarded in the 2001 judgment. Because we vacate $400,000.00 of the damages awarded in the 2001 judgment, the judgment against Appellees for $650,000.00 must be reversed. We reverse and remand for a determination of damages. *Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l*

*Dev. and Research Corp.*, No. 07-0818, 2009 WL 3494978 *15 (Tex. Oct. 30, 2009); *Guevara v. Ferrer*, 247 S.W.3d 662, 669-70 (Tex. 2007).

Similarly, there was some evidence presented to support an award of attorney's fees, but not sufficient evidence to support an award of $150,000.00 against Homero and Kasandra Garcia and $50,000.00 against the Hinojosas. Appellees' counsel testified that he was handling the case under a contingency fee agreement. He also testified that as an alternative he was requesting fees for 125 hours at $250.00 an hour ($31,250.00).

A party's contingent fee agreement alone cannot support an award of attorney's fees. *See Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997). The fee agreement should be considered by the fact-finder, but a determination of the reasonableness of the fee must take into consideration the factors required by TEX. DISCIPLINARY R. PROF. CONDUCT 1.04. *Id*. at 818-19. The factors governing the assessment of attorney's fees are (1) the time and labor involved, the novelty and difficulty of the questions involved, and the skill required to perform the legal services properly; (2) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered. *See Arthur Andersen*, 945 S.W.2d at 818.

The attorney's fees award against appellants is not supported by legally sufficient evidence. Although there is some evidence to support an award of attorney's fees, there is not enough to

support the award given by the court. *Nat'l Dev. and Research Corp.*, 2009 WL 3494978 at *15; *Guevara*, 247 S.W.3d at 669-70. We reverse and remand the attorney's fee award.

## JUDGMENT AGAINST HINOJOSAS

The appellants complain that the trial court erred in granting a post-answer default judgment against the Hinojosas based on the pleadings. Neither the trial court's judgment nor its findings of fact and conclusions of law support the contention that the judgment against the Hinojosas was the result of a default judgment. Although the judgment recites that the trial court considered the Hinojosas' failure to appear, the judgment further recites that the court considered the pleadings, record, evidence, and arguments of counsel in rendering judgment. Moreover, the judgment concludes that the trial court found the conveyances to be fraudulent based on the exhibits admitted at trial, which included the warranty deeds from Homero to the Hinojosas. The trial court's findings further note that the fair market value of the properties conveyed to the Hinojosas was $28,561.18 and $27,734.65, respectively, while the deed to the Hinojosas recited a consideration of $10. Although Homero's affidavit, in which he recited the Hinojosas paid him $43,325.00, was introduced into evidence, the trial court found the recitation was not credible because no documentary evidence was introduced to support the assertion. Accordingly, because the judgment and the trial court's findings of fact and conclusions of law reflect the judgment was based on the evidence presented, and not on a post-answer default, the appellants' complaint is overruled.

## CONCLUSION

The 2001 judgment for wrongful death damages to Norma, Diana, Israel, and David is vacated. We hold the evidence is sufficient to support a finding of fraudulent transfer of real property by Homero to Kasandra and the Hinojosas. Because liability was contested and the

damages are unliquidated, we reverse the trial court's judgment in its entirety and remand the cause to the trial court for further proceedings. *See* TEX. R. APP. P. 44.1(b); TEX. BUS. & COM. CODE ANN. § 24.009(b) (Vernon 2009) (creditor may recover judgment for the amount necessary to satisfy the creditor's claim or adjusted value of asset transferred, whichever is less).

Steven C. Hilbig, Justice