**In the Matter of the Expunction of Alberto OCEGUEDA, a/k/a, Alberto Osegueda.**

No. 08–08–00283–CV.

Court of Appeals of Texas, El Paso.

Jan. 13, 2010.

Joe A. Spencer, Jr., El Paso, TX, for Appellant.

Michael R. "Mickey" Milligan, El Paso, TX, for Appellees.

Before CHEW, C.J., McCLURE, and RIVERA, JJ.

## OPINION

GUADALUPE RIVERA, Justice.

Ocegueda, Appellant, appeals the trial court's order voiding his prior order of expunction. We reverse.

## BACKGROUND

Appellant was arrested on November 6, 2006, and charged with a felony offense.

Approximately six months later, the prosecution declined to proceed with the case. Appellant then moved for the expunction of records relating to his arrest, and the parties entitled to notice under the expunction statute filed an answer, agreeing that Appellant's records should be expunged. Consequently, on August 1, 2007, the 346th District Court entered an order expunging Appellant's arrest. No post-judgment motions were filed within 90 days of the trial court's order, nor was an appeal taken from those proceedings.

However, the following year, on March 10, 2008, Stuart Leeds, an attorney in El Paso, Texas, and a non-party to the original expunction proceeding, filed a motion, contending that Appellant's records regarding the arrest should be reinstated.[1] According to the motion, a citizen of El Paso County, Texas, on March 7, 2008, went to the El Paso County Sheriff's Office and requested all records for Appellant, specifically, those pertaining to the expunged arrest, but failed to obtain those records as they were expunged. The motion therefore contended that various statutory requirements regarding the granting of the expungement order were violated, including that Appellant failed to demonstrate that the statute of limitations had expired. On July 16, 2008, Theresa Caballero, another attorney in El Paso, Texas, entered an appearance as co-counsel with Leeds.

Appellant moved to dismiss for lack of jurisdiction in that the court's plenary power had expired, and Leeds and Caballero did not have standing to contest the expunction order. Leeds and Caballero filed a response asserting that the expunction order was void as opposed to being merely voidable, thereby giving the court jurisdiction.

On August 13, 2008, a visiting judge heard the motion to void the expunction. Finding that the court had jurisdiction over the cause and Appellant failed to establish that the statute of limitations expired for the offense, the visiting judge held the expunction order void. Therefore, the court ordered the reinstatement of the expunged record.

## DISCUSSION

On appeal, Appellant contends that the trial court lacked authority to declare the prior expungement order void, that the trial court lacked plenary power to reinstate his arrest records, and that Appellees, as non-parties to the original expunction proceeding, lacked standing to collaterally attack the court's expunction order. Finding the trial court lacked subject-matter jurisdiction, we reverse.

 Subject-matter jurisdiction is essential for a court to have authority to decide a case. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 443 (Tex.1993). It is never presumed, nor can it be waived. *Id.* at 443–44. It "cannot be conferred by consent, waiver, or estoppel at any stage of a proceeding." *Tourneau Houston, Inc. v. Harris County Appraisal Dist.*, 24 S.W.3d 907, 910 (Tex. App.-Houston [1st Dist.] 2000, no pet.). Lack of subject-matter jurisdiction is fundamental error that may be recognized by the appellate court, *sua sponte*, or raised by a party for the first time on appeal. *See id.; Britton v. Tex. Dep't of Criminal Justice*, 95 S.W.3d 676, 681 n. 6 (Tex.App.-Houston [1st Dist.] 2002, no pet.). As subject-matter jurisdiction is a question of

---

1. This motion was given trial court cause number 2008–1016. The cause number for the original petition for expunction was 2007– 2768. The trial court signed an order consolidating the causes.

law, we review the same *de novo*.[2] *See Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 928 (Tex.1998).

Leeds' motion to set aside the expunction appears to be a collateral attack on the judgment. A collateral attack is an attempt to avoid the effect of a judgment in a proceeding brought for some other purpose. *Kortebein v. American Mutual Life Ins. Co.,* 49 S.W.3d 79, 88 (Tex.App.-Austin 2001, pet. denied), *cert. denied,* 534 U.S. 1128, 122 S.Ct. 1065, 151 L.Ed.2d 968 (2002); *see also Fuhrer v. Rinyu,* 647 S.W.2d 315, 317 (Tex.App.-Corpus Christi 1982, no writ) (op. on reh'g) (discussing different rules applicable to direct attacks and collateral attacks on default judgments). However, for a judgment to be subject to collateral attack, it must be void. *See Browning v. Placke,* 698 S.W.2d 362, 363 (Tex.1985). "A judgment is void only when it is apparent that the court rendering judgment 'had no jurisdiction of the parties, no jurisdiction of the subject matter, no jurisdiction to enter the judgment, or no capacity to act as a court.' Errors other than lack of jurisdiction render the judgment merely voidable .... " *Cook v. Cameron,* 733 S.W.2d 137, 140 (Tex.1987). In short, all errors other than lack of jurisdiction merely render a judgment erroneous or voidable and must be attacked within the prescribed time limits. *Id.* Thus, a court's action contrary to a statute or statutory equivalent means the action is erroneous or "voidable," not that it is void. *Reiss v. Reiss,* 118 S.W.3d 439, 443 (Tex.2003); *Mapco, Inc. v. Forrest,* 795 S.W.2d 700, 703 (Tex.1990) (orig. proceeding) (per curiam).

Leeds and Caballero assert that the order of expunction is void because Appellant's petition did not adhere to the procedural requirements of article 55.02, in that the petition failed to state the correct criminal charge involved, incorrectly stated that the charges are no longer pending, falsely stated that the information presented against the petitioner had been dismissed, failed to list the case number and court of offense, and failed to assert that the statute of limitations for the offense expired. *See* Tex.Code Crim. Proc. Ann. art. 55.02 (Vernon Supp. 2009). However, these are all alleged statutory, procedural errors that render the expunction order voidable, not void. *See, e.g., City of San Antonio v. Summerglen Property Owners Ass'n Inc.,* 185 S.W.3d 74, 84 (Tex.App.-San Antonio 2005, pet. denied) (statutory provisions that do not limit the area or type of land a city can annex, i.e., do not restrict the city's annexation authority, are procedural requirements that could make the annexation voidable, but not void); *Gaston v. State,* 63 S.W.3d 893, 898 (Tex. App.-Dallas 2001, no pet.) (failure by trial court to adhere to procedural requirements when entering judgment does not render a conviction void, but voidable). Appellees cite *Metropolitan Transit Authority v. Jackson,* 212 S.W.3d 797 (Tex. App.-Houston [1st Dist.] 2006, pet. denied), for the proposition that the failure to adhere to a statutory requirement can render an order void, but that case involved an interpretation of Section 410.258 of the Texas Labor Code, which specifically provided that "[a] judgment entered or settle-

---

2. Our own jurisdiction over the appeal from the order granting the movant's contention that the expunction should be voided is predicated upon the fact that it is a final, appealable order. An order which purports to dispose of all issues and all parties, like the district court's first order, is a final appeal-

able order. *See, e.g., Hinde v. Hinde,* 701 S.W.2d 637, 639 (Tex.1985) (per curiam). Here, the visiting judge ordered the arrest record be "non-expunged" and directed all parties to disclose the record upon request. We find that it is an appealable final order.

ment approved without complying with the requirements of this section is void." *See* Tex. Labor Code Ann. § 410.258(a), (f) (Vernon 2006). There is no similar statutory requirement in the expunction statute. Accordingly, because we find the original expunction order voidable, not void, it was not subject to collateral attack. *See Reiss,* 118 S.W.3d at 443; *Mapco,* 795 S.W.2d at 703.

We also find that because the judgment was not subject to collateral attack and that because Appellees failed to show how their interests were affected by the original order, Appellees lacked standing. A person who is not a party to a judgment may collaterally attack the judgment only if his interests were affected by the judgment. *Grynberg v. Christiansen,* 727 S.W.2d 665, 666 (Tex.App.-Dallas 1987, no writ); *Dean v. First National Bank of Athens,* 494 S.W.2d 222, 226 (Tex.Civ.App.-Tyler 1973, writ ref'd n.r.e.). We have already determined that the order granting expunction was not subject to collateral attack. We further determine that neither Leeds or Caballero had any interests that were affected by the judgment. *See Brown v. Todd,* 53 S.W.3d 297, 305 (Tex. 2001) (stating that standing is a component of subject-matter jurisdiction and a plain-tiff must have a "personal stake" in the outcome of a dispute and suffer injury that is "concrete and particularized," distinct from the alleged harm to the general population). The record is clear that Appellees were not parties in the original proceedings, nor were they representing any parties in those proceedings. *See* Tex. Code Crim. Proc. Ann. art. 55.02, § 2(b)(8), (c), (c–1) (Vernon Supp. 2009) (requiring petitioner to name those parties that may object to the expunction, and that those parties may attend the expunction hearing and be represented by counsel). In their motion, they claim an unidentified citizen was denied access to the expunged records, but they do not indicate that they represented that citizen in any capacity, much less that the citizen was harmed by failing to obtain those records. Indeed, Leeds and Caballero assert no reason why the citizen was in need of those records. Consequently, Leeds and Caballero have not established a "personal stake" in the outcome of the original expunction order or that they suffered some injury.[3] *See Brown,* 53 S.W.3d at 305 (finding councilman failed to show a personal or particularized injury distinct from the general public to establish standing in challenging mayor's executive order); *see also City of*

---

3. Appellees assert that as members of the legal bar, they have authority to police the judicial system, citing to the preamble to the Rules of Professional Conduct. *See* Tex. State Bar R. art. X, § 9, Preamble 1 & 4, *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G app. A (Vernon 2005) (noting that a lawyer is an officer of the legal system and should challenge the rectitude of official action). However, the rules do not allow an individual possessing a bar card the right to interject himself into any judicial proceeding absent standing, that is, some personal injury. *See Air Control Bd.,* 852 S.W.2d at 443–44 (standing is a constitutional prerequisite to maintaining a lawsuit under Texas law). Such behavior, if allowed, would consume dockets, cost taxpayers, and displace the rights of legitimate parties. Appellees assert that Appellant's counsel, by failing to include the requisite statutory information in the petition of expunction, violated the professional rules of conduct by making a false statement of material fact to a tribunal, which somehow conferred standing on them to petition the court to set aside the order of expunction. *See* Tex. State Bar R. art. X, § 9, 3.03(a)(1), *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G app. A (Vernon 2005) (stating that a "lawyer shall not knowingly make a false statement of material fact or law to a tribunal"). Assuming, without deciding, counsel could be held in violation of that rule, Appellees' remedy is to address the grievance to the State Bar, not to collaterally attack a judgment they lack standing to contest.

*Fort Worth v. D.T.,* 165 S.W.3d 425, 427 (Tex.App.-Fort Worth 2005, no pet.) (finding city lacked standing to seek to set aside expunction when city was not named in the original expunction petition and failed to show any actual or imminent threat of injury suffered by the public generally).

Because the original expunction order was not void and because Appellees lacked standing to set aside that order, we therefore find that the trial court had no subject-matter jurisdiction to hear Appellees' motion to set aside the expunction order. In light of the foregoing discussion, we find it unnecessary to address Appellant's other contentions.

## CONCLUSION

The trial court's order voiding the original expunction order is reversed, and the original order expunging Appellant's arrest is reinstated.