Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio





## MEMORANDUM OPINION

No. 04-10-00119-CR

Richard **CARDEN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2006CR5366
Honorable Sid L. Harle, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
Karen Angelini, Justice
Marialyn Barnard, Justice

Delivered and Filed:  March 2, 2011

DISMISSED FOR LACK OF JURISDICTION

Richard Carden appeals the trial court's order rescinding and withdrawing an order exempting Carden from registration as a sex offender.  The issue of whether this court has jurisdiction to consider Carden's appeal was carried with the appeal.  Because we conclude that this court has no jurisdiction to consider Carden's appeal, we dismiss the appeal for lack of jurisdiction.

**BACKGROUND**

Carden was indicted on four counts of sexual assault of a child. Pursuant to a plea bargain, the prosecution proceeded on only one count, to which Carden pled no contest. The plea bargain agreement provided for punishment to be assessed at 10 years, a fine of $1,250, and the State to make no recommendation on Carden's application for deferred adjudication. In accordance with the plea bargain agreement, the trial court sentenced Carden to three years imprisonment on March 20, 2009. The judgment states, "Sex Offender Registration Requirements do apply to the Defendant. TEX. CODE CRIM. PROC. chapter 62."

On March 23, 2009, Carden filed a document entitled "Petition / Motion to Be Exempt from Sex Offender Registration Under Article 62 of the Texas Code of Criminal Procedure." The motion requested the court to "order and make it part of the judgment" that he be exempt from registering as a sex offender "on the grounds that the registration would be a result of a single reportable conviction." The motion further stated that exempting Carden from sex offender registration "does not threaten the public safety, that [Carden] poses no danger to the community, and he will not likely engage in criminal sexual conduct." Finally, the motion asserted that "any potential need for the protection of the public, if any, resulting in the registration is clearly outweighed by the anticipated substantial harm to Defendant Carden and his family."

On May 7, 2009, a hearing was held on Carden's motion. After Carden's attorney explained the factual basis for requesting the exemption, the trial court inquired about its jurisdiction. Carden's attorney argued that article 62.352 of the Texas Code of Criminal

Procedure gave the court the authority and jurisdiction to grant the motion.[1] The trial court inquired about Carden's deadline to register and whether the registration related to a condition of parole. The trial court noted that article 62.352 mentioned probation, which was not applicable. The prosecutor stated that registration is required no later than the seventh day after Carden is released from the penal institution. The trial court took the matter under advisement.

The trial court subsequently signed an undated order exempting Carden from registration as a sex offender "by virtue of Article 62.352 of the Texas Code of Criminal Procedure." The order stated that the trial court determined that "the protection of the public would not be increased by" Carden's registration. The order further stated that "the protection of the public would not be increased, but that any anticipated or potential increase in protection of the public resulting from the registration of Richard Carden is clearly outweighed by the anticipated substantial harm to the Respondent and the Respondent's family that would result from registration."

---

[1] Article 62.352 is contained in Subchapter H of the Texas Code of Criminal Procedure entitled "Exemptions from Registration for Certain Juvenile Offenders." TEX. CODE CRIM. PROC. ANN. art. 62.351-62.62.357 (West 2006). Article 62.351 entitled "Motion and Hearing Generally" requires a juvenile court to conduct a hearing if a juvenile files a motion to determine whether the interests of the public require the juvenile to register as a sex offender. TEX. CODE CRIM. PROC. ANN. art. 62.351 (West 2006). Article 62.352 entitled "Order Generally" then provides, in pertinent part:

  (a) The court shall enter an order exempting a respondent from registration under this chapter if the court determines:
      (1) that the protection of the public would not be increased by registration of the respondent under this chapter; or
      (2) that any potential increase in protection of the public resulting from registration of the respondent is clearly outweighed by the anticipated substantial harm to the respondent and the respondent's family that would result from registration under this chapter.
  (b) After a hearing under Article 62.351 or under a plea agreement described by Article 62.355(b), the juvenile court may enter an order:
      (1) deferring decision on requiring registration under this chapter until the respondent has completed treatment for the respondent's sexual offense as a condition of probation or while committed to the Texas Youth Commission; or
      (2) requiring the respondent to register as a sex offender but providing that the registration information is not public information and is restricted to use by law enforcement and criminal justice agencies, the Council on Sex Offender Treatment, and public or private institutions of higher education.

TEX. CODE CRIM. PROC. ANN. arts. 62.352(a),(b) (West 2006).

On August 26, 2009, the State filed a motion requesting the trial court to rescind the prior order. In the motion, the State argued that article 62.352 applies only to juvenile offenders.

On September 30, 2009, the trial court held a hearing on the State's motion. Carden's attorney argued that the State had not appealed the order exempting Carden from registration. Carden's attorney also argued that subsection (a) of section 62.352 refers to a "court's" ability to enter an exemption order as opposed to subsection (b) which specifically refers to a "juvenile court." Carden's attorney further argued that the trial court did not have jurisdiction to rescind the prior order due to the passage of time. The trial court recessed the hearing to obtain the reporter's record from the May 7, 2009 hearing.

On November 4, 2009, the trial court held a second hearing on the State's motion. The State argued that the prior order was void because no statutory authority authorized an exemption from registration for an adult offender. The trial judge concluded the hearing by stating that he did not believe he had any jurisdiction to do anything about the prior order.

On January 28, 2010, the State filed a motion requesting the trial court to enter a written order on the State's motion to rescind. The State's motion asserted section 62.352 applied only to juvenile offenders. The State's motion further asserted the trial court did not have jurisdiction to enter the order exempting Carden from sex offender registration because Carden's conviction was a final felony conviction and only the Texas Court of Criminal Appeals had jurisdiction over the matter.

On February 2, 2010, the trial court held a hearing on the State's motion. The State initially argued that the trial court's plenary jurisdiction expired before the trial court signed the order exempting Carden from registration. Based on the jurisdictional argument, the trial court inquired how it would have jurisdiction to rescind the order if it did not have jurisdiction over the

case. In response to the State's argument that the trial court could withdraw the order because the trial court had issued the order, the trial court stated, "So absent a writ of mandamus, your legal opinion is, I have the authority to withdraw an order if I had no jurisdiction to begin with and I have no jurisdiction now." The State responded, "Yes." Carden's attorney argued that if the trial court did not initially have jurisdiction, it would not have jurisdiction to rule on the pending matter that had been litigated repeatedly before the court. The trial court concluded that it had no jurisdiction from the beginning, noting that Carden would have a remedy to seek removal from the sex offender registration requirement once he was released but not until he was released.[2] The trial court signed an order stating, "the Court is of the opinion that at the time it entered its original order it was without jurisdiction over the matter and therefore, the Court rescinds and withdraws that order." It is from that ruling that Carden now appeals.

## JURISDICTION

The right to appeal in a criminal case is a statutorily created right. *Bayless v. State*, 91 S.W.3d 801, 905 (Tex. Crim. App. 2002). Appellate courts do not have jurisdiction over criminal appeals if jurisdiction has not been expressly granted to them. *Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991).

Carden seeks to appeal the trial court's order rescinding its order exempting him from sex offender registration. Although the Legislature has provided a right to appeal an order entered by a juvenile court under article 62.352(a), chapter 62 provides no other appellate remedies. *See* TEX. CODE CRIM. PROC. ANN. art. 62.357 (West 2006). Moreover, prior to its repeal, article 62.0105 permitted an adult offender to petition the court for an exemption from registration as a

---

[2] *See* TEX. CODE CRIM. PROC. ANN. art. 62.404 (West 2006) (procedure for seeking early termination of person's obligation to register).

sex offender.[3]  *See* Act of May 22, 2001, 77th Leg., R.S., ch. 1159, §4, 2001 Tex. Gen. Laws 2619, 2620-21, *repealed by* Act of May 24, 2005, 79th Leg., R.S., ch. 1008, §1.01, 2005 Tex. Gen. Laws 3385, 3391-92.  At least one Texas appellate court dismissed an appeal from an order denying such a petition because the statute did not provide the right to appeal from the trial court's ruling.  *See Ex parte McGregor*, 145 S.W.3d 824, 826 (Tex. App.—Dallas 2004, no pet.).

In Carden's response to this court's show cause order questioning our jurisdiction to consider his appeal, Carden asserted that he was not appealing the order relating to the exemption but the court's order rescinding that order.  Carden contended that the trial court mistakenly believed it did not have jurisdiction to sign the first order and asserted the appeal was raising issues of jurisdiction.  Noticeably absent from Carden's response was any statutory authority authorizing his appeal.  The only case Carden cited to support his assertions was *In re Ocegueda*, 304 S.W.3d 576 (Tex. App.—El Paso 2010, pet. denied).  That appeal, however, was an appeal from an order in a civil case, not a criminal case, and the appellate court noted that its jurisdiction was "predicated upon the fact that [the order was] a final, appealable order."  304 S.W.3d at 579 n.2 (noting order purporting to dispose of all issues and all parties is a final appealable order).

Carden then offered this court "another possibility":

> This Court could find that the trial court lacked jurisdiction to enter the second order, and therefore find that this Court has no jurisdiction over this appeal.  *See, Pope v. Gaffney*, No. 04-05-00413-CV, 2006 WL 1684661 (Tex. App.—San Antonio 2006, rev. denied)(memorandum opinion).  The Court could therefore both declare the second order void and dismiss this appeal for want of jurisdiction. *Pope, supra.*

---

[3] We note that some of the eligibility requirements for an exemption under the repealed statute are similar to the grounds asserted in Carden's motion seeking an exemption, including the registration requirement being the result of a single reportable conviction and the exemption would not threaten public safety.

Once again, however, *Pope v. Gaffney* addresses an appeal from a civil case, not a criminal case, and different standards govern whether an order is appealable in civil cases. 2006 WL 1684661, at *1 (noting appeal arose from post-judgment activity relating to monetary judgment). Carden concluded his response by stating that additional records were needed to fully explain the issue, and "[s]imply dismissing this appeal for lack of jurisdiction would not help clarify the law on this issue."

Based on Carden's response, this court carried the jurisdictional issue with the appeal and requested the parties to address the issue in their briefs. The State asserts in its brief that this court lacks jurisdiction because the State's attack on the order exempting Carden from sex offender registration was not a collateral attack. The State appears to make this assertion because the appeal in *In re Ocegueda* was an appeal of an order ruling on a motion that was a collateral attack. As previously noted, however, *In re Ocegueda* was an appeal arising from a civil case and provides no support for this court's jurisdiction in this appeal. Moreover, we could not find any statute generally permitting a defendant to appeal orders that rule on collateral attacks in criminal cases. In his reply brief, Carden asserts the trial court's order was void, and a void order may be attacked at any time. The only authority Carden cites to support his assertion, however, is *Pope v. Gaffney* which is inapplicable for the reasons stated above.

Because this court has not been expressly granted the right to consider an appeal of an order rescinding and withdrawing an order exempting a criminal defendant from registration as a sex offender, this court lacks jurisdiction to consider this appeal. *See Bayless*, 91 S.W.3d at 905; *Apolinar*, 820 S.W.2d at 794. Accordingly, this appeal is dismissed for lack of jurisdiction.

Catherine Stone, Chief Justice

DO NOT PUBLISH