# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-12-00179-CV

**Peter Hans Luby a/k/a Pete Luby, Appellant**

**v.**

**Richard L. Wood, Jr., Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT NO. D-1-GN-93-007481, HONORABLE TIM SULAK, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Peter Luby and Richard Wood entered into a business venture that ultimately failed in the early 1990s. After the business failed, Wood sued Luby. The district court entered a no-answer default judgment against Luby in 1993. In 1999, Wood attempted to execute the judgment. In 2011, Wood filed a writ of scire facias to revive the dormant judgment. *See* Tex. Civ. Prac. & Rem. Code §§ 31.006 (explaining that "dormant judgment may be revived by scire facias or by an action of debt brought not later than the second anniversary of the date that the judgment becomes dormant"), 34.001(a) (stating that if "a writ of execution is not issued within 10 years after the rendition of a judgment of a court of record or a justice court, the judgment is dormant and execution may not be issued on the judgment unless it is revived"), .001(b) (providing that if "a writ of execution is issued within 10 years after rendition of a judgment but a second writ is not issued within 10 years after issuance of the first writ, the judgment becomes dormant").

The writ states that Luby "is believed now to reside at" an address in Houston, Texas. After being served regarding Wood's application for writ of scire facias, Luby filed a response stating that he was never served in the original suit. Accordingly, Luby asserted that the service was defective and that, therefore, the default judgment issued in 1993 was void. For that reason, Luby also contended that the district court did not have jurisdiction to revive the void judgment.

Subsequent to considering the arguments made by the parties, the district court issued an order reviving the prior judgment. Luby appeals the district court's order.

A judgment may be collaterally attacked after "the time to bring a direct attack has expired," "when a failure to establish personal jurisdiction violates due process." *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 272-73 (Tex. 2012). In determining whether a default judgment is valid, appellate courts look to the record to determine whether the trial court lacked jurisdiction. *Id.* at 273. "The record affirmatively demonstrates a jurisdictional defect sufficient to void a judgment when it . . . exposes such personal jurisdictional deficiencies as to violate due process." *Id.*; *see also Wagner v. D'Lorm*, 315 S.W.3d 188, 192 (Tex. App.—Austin 2010, no pet.) (explaining that judgment is void and subject to collateral attack if trial court lacked personal jurisdiction "when it rendered default judgment against [individual] because he was not served"). A "complete failure or lack of service" violates due process, but mere technical defects in service do not. *PNS Stores*, 379 S.W.3d at 274.[1] When a judgment is collaterally attacked, the "judgment is presumed valid," but "that

---

[1] In supporting the district court's order, Wood contends that the "alleged deficiencies in Wood's substituted service of process are technical defects that do not support a collateral attack nor do they render the default judgment void." As primary support for this proposition, Wood points to *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267 (Tex. 2012), as well as various cases cited within *PNS Stores*. We believe that Wood's reliance on *PNS Stores* and the cited cases is misplaced. In *PNS Stores*, the alleged defects were that the citation did not list the time that it was served, did not state

presumption disappears when the record establishes a jurisdictional defect." *Id.* at 273; *see id.* (stating that courts may look beyond face of judgment to determine if record demonstrates trial court had jurisdiction).

On appeal, Luby contends that the district court did not have jurisdiction to revive the prior judgment because the prior judgment is jurisdictionally flawed. Specifically, Luby contends that he was never provided service of process in the original suit and did not become aware of the default judgment until Wood filed his writ for scire facias and properly served him at his Houston home. Further, Luby contends that although Wood sought permission to execute substituted service of process, Wood contends that substituted service was not warranted and that the manner chosen was ineffective.

After reviewing the record in this case, we must conclude that it overcomes the presumption in favor of the default judgment and "exposes such personal jurisdictional deficiencies

---

that PNS was served through its agent, did not state that service was made by certified mail, did not mention that PNS's agent was served by registered or certified mail, stated that PNS's agent "was served 'VIA USPS' as well as 'in person,'" and lacked "any proof that it was on file for ten days preceding the default judgment." *Id.* at 273. The supreme court determined that those complaints were technical in nature. *Id.* at 274. We do not believe that the types of complaints at issue in *PNS Stores* are equivalent to the lack of service alleged in this case. Moreover, we note that unlike the circumstances in this case, the records belonging to PNS's agent showed that it was served and that it forwarded the documents to PNS after receiving service. *Id.* (noting that service on agent is imputed to litigant).

We similarly find the cases mentioned in *PNS Stores* and by Wood to be distinguishable. *See, e.g.*, *Layton v. Nationsbanc Mortg. Corp.*, 141 S.W.3d 760, 763-64 (Tex. App.—Corpus Christi 2004, no pet.) (holding that improper service alone does not render judgment void where alleged defect was misspelling defendant as Nationsbank rather than Nationsbanc and where defendant was served through its registered agent and had notice of suit); *In re Ocegueda*, 304 S.W.3d 576, 579-80 (Tex. App.—El Paso 2010, pet. denied) (addressing whether expunction order was void or voidable when party did not fully comply with requirements under Code of Criminal Procedure).

as to violate due process." *See id.* at 273. Wood's original petition and first citation list an Austin address for Luby, but the record does not show that any effort was made to serve Luby at the Austin address. *See* Tex. R. Civ. P. 106 (authorizing service by delivering citation and petition to defendant in person or by mailing citation and petition to defendant by registered or certified mail). Moreover, the record has no explanation regarding why attempts at service were not made at the address. Instead, the record reveals that Wood attempted to execute service of process by making a single attempt to send by certified mail a copy of the citation and the petition to a post office box that was purportedly used by Luby.

After this single attempt at service was not successful, Wood filed a motion seeking permission to serve Luby by a substitute method. Under the rules of civil procedure, a trial court may authorize substituted service if a motion and supporting affidavit are filed "stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been" unsuccessfully attempted at that location by either delivering the citation and the petition to the defendant personally or by mailing the citation and the petition to "the defendant by registered or certified mail, return receipt requested." *Id.* Moreover, the rules allow a trial court to authorize substituted service by leaving a copy of the citation and the petition "with anyone over sixteen years of age at the location specified in" the plaintiff's affidavit naming the defendant's "usual place of business or usual place of abode or other place where the defendant can probably be found" or by "any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit." *Id.* R. 106(b).

4

In his motion for substituted service, Wood claimed that it was "impractical to secure personal service of process" because "a physical address for defendant is unknown." Further, the motion revealed that service had been unsuccessfully attempted at the post office box. In the affidavit accompanying the motion, the process server swore that the post office confirmed that the post office box "is in current use by" Luby. Further, the affidavit stated that the process server had on one occasion attempted to serve Luby at the post office box through "certified mail, restricted delivery" but that the process was returned "UNCLAIMED." Moreover, although the affidavit states that the process server tried to locate the defendant's physical address, it also reveals that the process server did not serve Luby at any other location. After reviewing Wood's motion for substituted service, the district court authorized Wood to serve Luby "by delivering a copy of the citation and petition with a copy of this Order for Substituted Service attached by first class mail, no receipt required, to" the post office box. The return of service prepared by the process server shows that she mailed the citation, the petition, and the order to the post office box by first class mail.

Although a plaintiff is not required to include the actual language from the rules, *Goshorn v. Brown*, No. 14-02-00852-CV, 2003 Tex. App. LEXIS 8181, at *6 (Tex. App.—Houston [14th Dist.] Sept. 23, 2003, no pet.) (mem. op.), Wood's motion and the accompanying affidavit from the process server do not indicate that an effort was made to serve Luby at his usual place of business or abode or at a place where Luby could probably be found. *See* Tex. R. Civ. P. 106; *compare Rowsey v. Matetich*, No. 03-08-00727-CV, 2010 Tex. App. LEXIS 6532, at *14-19 (Tex. App.—Austin Aug. 12, 2010, no pet.) (mem. op.) (explaining that after numerous failed attempts at personal service and service by certified mail, substituted service by mail was permissible where

5

record showed that address where citation and petition were sent to was defendant's usual place of abode), *with Brown Consulting & Assocs. v. Smith*, No. 05-12-00543-CV, 2013 Tex. App. LEXIS 6498, at *6-10 (Tex. App.—Dallas May 28, 2013, no pet.) (mem. op.) (concluding that default judgment was void where affidavit in support of substituted service did not contain evidence that defendant could be found at address served or that address was defendant's usual place of business or abode). His motion does mention one service attempt at a post office box purportedly belonging to Luby, but we have been unable to find any case supporting the proposition that a single attempt at service at a post office box is enough to warrant substituted service of process. *Cf. State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 298-99 (Tex. 2003) (concluding that substituted service by first class mail was proper where plaintiff had made 10 prior attempts to personally serve defendant, where affidavit listed defendant's usual place of abode, and where affidavit detailed "specific facts describing the unsuccessful attempts at personal service"); *Williams v. Asset Acceptance LLC*, No. 03-11-00520-CV, 2012 Tex. App. LEXIS 5916, at *3, *14-15 (Tex. App.—Austin July 20, 2012, no pet.) (mem. op.) (upholding default judgment when affidavit in support of substituted service stated that process server verified defendant's home address, had made seven attempts to serve defendant at home address, and had left delivery notice with defendant's husband); *Goshorn*, 2003 Tex. App. LEXIS 8181, at *5-7 (concluding that substituted service by affixing citation and petition to defendant's home was proper where three attempts at personal service were made at address and where individual who answered door at address told process server that defendant was there but unavailable).

Similarly, we have been unable to find any case standing for the proposition that mailing by regular mail a copy of the citation and the petition to a post office box under these

6

circumstances can qualify as effective substituted service of process establishing jurisdiction over an individual. *See Hubicki v. Festina*, 226 S.W.3d 405, 406-08 (Tex. 2007) (concluding, in restricted appeal, that substituted service by mail to post office box associated with house in Mexico that belonged to individual sued was improper, in part, because record showed that only one attempt at service was made before motion seeking substituted service was filed); *Titus v. Southern Cnty. Mut. Ins.*, No. 03-05-00310-CV, 2009 Tex. App. LEXIS 5697, at *13-16 (Tex. App.—Austin July 24, 2009, no pet.) (mem. op.) (explaining that circumstances under which service of process by regular mail will be sufficient are limited and that service by regular mail was insufficient where single attempt to execute service by certified mail had been made despite fact that form from post office was submitted showing that it was post office's belief that address mail was sent to was defendant's current address). This seems particularly true given that "[p]eople can receive mail at locations other than their usual place of abode." *Titus*, 2009 Tex. App. LEXIS 5697, at *9. Moreover, although the process server swore that the post office box was "in current use," the server's affidavit does not clarify whether that meant that Luby was regularly checking his mail there or simply that rental period for the box had not yet expired. Accordingly, the statement in the process server's affidavit "does not affirmatively show that the location stated in the affidavit was, at that time or ever," Luby's "usual place of abode," usual place of business, or a location where he could probably be found and similarly does not demonstrate that mailing the citation and the petition to the post office box was a reasonably effective manner to provide Luby notice of the suit. *See id.*

For these reasons, we must conclude that the record reveals that the district court never successfully acquired jurisdiction over Luby prior to issuing a default judgment in favor of

7

Wood. For that same reason, we must also conclude that the district court did not have jurisdiction over Wood's writ of scire facias.[2] *See Berly v. Sias*, 255 S.W.2d 505, 508 (Tex. 1953) (explaining that "a motion for scire facias is not an independent suit but is a continuation of the original suit. As a continuation of the original suit it is supported by the jurisdiction of the person obtained in the original case"). Accordingly, we must sustain Luby's issue on appeal.

## CONCLUSION

Having sustained Luby's issue on appeal, we reverse the district court's order reviving the default judgment in favor of Wood and render judgment dismissing the case for lack of jurisdiction.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Field

Reversed and Rendered

Filed: April 2, 2014

_____

[2] In his brief, Wood urges that the district court had no discretion but to revive the default judgment because all of the statutory prerequisites were satisfied. *See* Tex. Civ. Prac. & Rem. Code §§ 31.006, 34.001. As support for this proposition, Wood relies on *Cadle Co. v. Rollins*, No. 01-09-00165-CV, 2010 Tex. App. LEXIS 1421 (Tex. App.—Houston [1st Dist.] Feb. 25, 2010, no pet.) (mem. op.). In that case, the appellate court determined that the motion to revive the judgment was timely filed and, therefore, concluded that the trial court did not have discretion to deny the motion. *Id.* at *4-5. However, unlike the current case, no allegation was made in *Cadle* that the trial court did not have jurisdiction to enter the underlying judgment. Accordingly, we do not believe that *Cadle* can be read as standing for the proposition that a trial court may revive a jurisdictionally defective judgment.