

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-20-00067-CV
_____

LT (J.G.) GREGORY K. PARSONS U.S. NAVY, PDRL, Appellant

V.

CONNIE K. COPELAND PARSONS, Appellees

On Appeal from the 62nd District Court
Lamar County, Texas
Trial Court No. 87113

Before Morriss, C.J., Burgess and Stevens, JJ.
Opinion by Justice Stevens

# OPINION

Gregory K. Parsons appeals the dismissal of his claims following the trial court's grant of a plea to the jurisdiction. We determine that the trial court properly found it was without subject-matter jurisdiction over Parsons's impermissible collateral attacks of prior judgments setting Parsons's child support obligations. As a result, we affirm the trial court's judgment.

## I.        Factual Background

On December 19, 2017, Parsons sued his former spouse, Connie K. Copeland Parsons, and the Texas Office of Attorney General Child Support Division (OAG) in the 62nd Judicial District Court of Lamar County for the purpose of collaterally attacking orders and decisions entered before 2015 in other courts related to his child support obligations. Parsons and Connie's decree of divorce was entered in Hunt County, which also entered an order in a suit modifying the parent-child relationship in 2009 that Parsons's current lawsuit sought to collaterally attack. Hunt County later transferred jurisdiction to Williamson County,[1] which entered the remaining child support orders forming Parsons's complaints.[2]

---

[1]*See* TEX. FAM. CODE ANN. § 155.206(a).

[2]Our prior opinion in *In re A.K.P.*, No. 06-19-00075-CV, 2020 WL 465281 (Tex. App.—Texarkana Jan. 29, 2020, no pet.) (mem. op.), set forth the following relevant facts:

> In June 2009, the 196th Judicial District Court of Hunt County (the Hunt District Court) entered an order that increased Parsons's court-ordered child support. The Hunt District Court included Parsons's VA disability benefits in calculating his net resources for the purpose of determining Parsons's child support liability. Apparently, in October 2009, [Connie] and the OAG made a request to the VA Regional Office in Waco for an apportionment of Parsons's VA disability benefits on behalf of [their children]. That request was denied in April 2009.
>
> In 2010, the case was transferred to the 395th Judicial District Court of Williamson County (the Williamson District Court), which then acquired continuing, exclusive jurisdiction. After the transfer, that court entered orders in July 2010, April 2012, and June 2012 modifying Parsons's

2

Because Parsons's Lamar County petition sought to modify his child support obligations and Williamson County still retained exclusive continuing jurisdiction over the case, the OAG filed a plea to the jurisdiction. The trial court granted the OAG's plea and dismissed Parsons's claims against the OAG, with prejudice. After Parsons filed an interlocutory appeal from that order, we affirmed the trial court's grant of the plea to the jurisdiction. *In re A.K.P.*, 2020 WL 465281, at *3.

On June 26, 2020, Parsons filed a second amended petition against Connie that again sought to collaterally attack orders from Hunt and Williamson Counties. On Connie's behalf, the OAG filed another plea to the jurisdiction. On August 11, 2020, the trial court granted the plea and dismissed Parsons's second amended petition against Connie, with prejudice. Parsons appeals.

## II.     Standard of Review

Subject-matter jurisdiction is required for a court to have authority to decide a case and is never presumed. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443–45 (Tex. 1993). As a result, the plaintiff has the burden to allege facts affirmatively demonstrating that the trial court has subject-matter jurisdiction. *Id.* at 446.

---

court-ordered child support. In entering each of those orders, the Williamson District Court included Parsons's VA disability benefits in calculating his net resources for the purpose of determining Parsons's child support liability. Parsons did not appeal any of the modification orders entered by the Hunt and Williamson District Courts. Also, it is undisputed that Parsons was served with notice of the petitions requesting modification and of the hearings on the petitions and that he appeared, personally and through counsel, at several of the hearings.

*Id.* at *1 (footnotes omitted) (citations omitted).

A plea to the jurisdiction challenges the trial court's subject-matter jurisdiction over a case. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). "Whether a court has subject[-]matter jurisdiction is a question of law." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004) (citing *Tex. Nat. Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002)). Unless a case involves "disputed evidence of jurisdictional facts that also implicate the merits of the case," we review questions of jurisdiction de novo. *Id.*

### III. The Trial Court Properly Determined It Did Not Have Subject-Matter Jurisdiction Over Parsons's Collateral Attacks

"A collateral attack is an attempt to avoid the effect of a judgment in a proceeding brought for a different purpose." *In re X.B.*, 369 S.W.3d 350, 354 (Tex. App.—Texarkana 2012, no pet.) (citing *In re Ocegueda*, 304 S.W.3d 576, 579 (Tex. App.—El Paso 2010, pet. denied)). "A void judgment may be collaterally attacked." *Id.* (citing *Browning v. Prostok*, 165 S.W.3d 336, 346 (Tex. 2005); *Browning v. Placke*, 698 S.W.2d 362, 363 (Tex. 1985) (per curiam)). A judgment is void when the court rendering it "had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act." *Id.* (citing *Browning*, 698 S.W.2d at 363). "Errors other than lack of jurisdiction may render a judgment erroneous or voidable, and are thus subject only to direct attack." *Id.* (citing *Cook v. Cameron*, 733 S.W.2d 137, 140 (Tex. 1987)); *see Underwood, Wilson, Berry, Stein & Johnson, P.C. v. Sperrazza*, No. 07-10-0435-CV, 2012 WL 1252970, at *3 (Tex. App.—Amarillo Apr. 12, 2012, no pet.) (mem. op.) ("Errors other than lack of jurisdiction, such as 'a court's action contrary to a statute or statutory equivalent,' merely render the judgment voidable which is correctable through the ordinary appellate process or other proper proceeding." (citing

4

*Reiss v. Reiss*, 118 S.W.3d 439, 443 (Tex. 2003))); *Edwards v. Edwards*, 624 S.W.2d 635, 637 (Tex. App.—Houston [14th Dist.] 1981, no pet.).

"[T]he validity of the judgment under attack" is presumed, and "[e]xtrinsic evidence may not be used to establish a lack of jurisdiction when collaterally attacking a judgment." *In re D.L.S.*, No. 05-08-00173-CV, 2009 WL 1875579, at *2 (Tex. App.—Dallas July 1, 2009, no pet.) (mem. op.); *see In re A.G.G.*, 267 S.W.3d 165, 169 (Tex. App.—San Antonio 2008, pet. denied). "To prevail on a collateral attack, the challenger must show that the judgment is void on its face." *In re A.G.G.*, 267 S.W.3d at 169 (citing *Sotelo v. Scherr*, 242 S.W.3d 823, 830 (Tex. App.—El Paso 2007, no pet.). "A collateral attack fails if the judgment contains jurisdictional recitals, even if other parts of the record show a lack of jurisdiction." *In re D.L.S.*, 2009 WL 1875579, at *2.

Here, Hunt County and Williamson County had jurisdiction to enter the orders that Parsons complains of, and Parsons raises no challenge to the jurisdiction of these courts provided by the Texas Family Code. *See* TEX. FAM. CODE ANN. § 155.001 (Supp.), § 155.003, 155.206. Even so, Parsons's petition complains of the following orders: (1) a June 5, 2009, order in a suit to modify the parent-child relationship entered by the 196th Judicial District Court of Hunt County, Texas; (2) a July 7, 2010, order entered by the 395th Judicial District Court of Williamson County, Texas, modifying the parent-child relationship; and (3) a September 24, 2012, order from the County Court of Williamson County adopting an April 20, 2012, proposed

5

support decision on Parsons's child support arrearage.[3]  A review of each of those orders shows that they contained the appropriate jurisdictional recitals.  Because the validity of those orders is presumed and the face of those orders does not show that they are void, Parsons fails to demonstrate that they can be collaterally attacked.

Instead, the nature of Parsons's complaint reveals an argument that must be presented in a direct attack.  Parsons argues that federal preemption related to the withholding of veteran's disability benefits rendered void the challenged orders.  The first two orders Parsons complains of stated that his child support obligations could be satisfied from withholding from earnings, and nothing in those orders specifically mentioned his disability benefits.  The September 24, 2012, order reduced Parsons's child support obligation and found that the children should "receive benefits directly from the Social Security Administration . . . [p]ursuant to § 154.132" of the Texas Family Code.[4]

Section 154.062 of the Texas Family Code states,

>  (a)    The court shall calculate net resources for the purpose of determining child support liability as provided by this section.

>  (b)    Resources include:

---

[3]Parsons also challenged an administrative review decision that concluded that his child support obligation did not meet the criteria for modification.

[4]Section 154.132 states,

>  In applying the child support guidelines for an obligor who has a disability and who is required to pay support for a child who receives benefits as a result of the obligor's disability, the court shall apply the guidelines by determining the amount of child support that would be ordered under the child support guidelines and subtracting from that total the amount of benefits or the value of the benefits paid to or for the child as a result of the obligor's disability.

TEX. FAM. CODE ANN. § 154.132.

6

. . . .

(5) all other income actually being received, including . . . social security benefits other than supplemental security income, [and] United States Department of Veterans Affairs disability benefits other than non-service-connected disability pension benefits.

TEX. FAM. CODE ANN. § 154.062 (Supp.). The relevant portions of 42 U.S.C.A., Section 659, the federal statute that Parsons cites in support of his argument, contain the following language:

**(h)** **Moneys subject to process**

**(1)** **In general**

. . . moneys payable to an individual which are considered to be based upon remuneration for employment, for purposes of this section--

**(A)** **consist of--**

. . . .

**(ii)** periodic benefits (including a periodic benefit as defined in section 428(h)(3) of this title) or other payments--

. . . .

**(V)** by the Secretary of Veterans Affairs as compensation for a service-connected disability paid by the Secretary to a former member of the Armed Forces who is in receipt of retired or retainer pay if the former member has waived a portion of the retired or retainer pay in order to receive such compensation;

. . . .

**(B)** do not include any payment--

7

. . . .

> **(iii)** of periodic benefits under Title 38, except as provided in subparagraph (A)(ii)(V).

42 U.S.C.A. § 659(h)(1)(A)(ii)(V), (h)(1)(B)(iii) (West, Westlaw through P.L. 117-52 Nov. 10, 2021). Also,

> **(a)** All or any part of the compensation, pension, or emergency officers' retirement pay payable on account of any veteran may--
>
> > **(1)** if the veteran is being furnished hospital treatment, institutional, or domiciliary care by the United States, or any political subdivision thereof, be apportioned on behalf of the veteran's spouse, children, or dependent parents; and
> >
> > **(2)** if the veteran is not living with the veteran's spouse, or if the veteran's children are not in the custody of the veteran, be apportioned as may be prescribed by the Secretary.

38 U.S.C.A. § 5307(a) (West, Westlaw through P.L. 117-52 Nov. 10, 2021). In 2010, after reviewing court documents, the Department of Veterans affairs denied Connie's request for additional apportionment of benefits. Pointing to this denial, Parsons argues that the orders he complained of were void as a result of federal preemption.

Parsons's argument relies on extrinsic evidence. At best, the argument shows that the orders might be voidable, not void. *See In re C.E.A.Q.*, No. 09-19-00037-CV, 2020 WL 5240458, at *2 (Tex. App.—Beaumont Sept. 3, 2020, pet. denied) (mem. op.) (citing *Rose v. Rose*, 481 U.S. 619, 622 (1987)); *Ruffin v. Ruffin*, 753 S.W.2d 824, 827–28 (Tex. App.— Houston [14th Dist.] 1988, no pet.); *see also In re Smith*, No. 04-08-00285-CV, 2008 WL

2116594, at *2 (Tex. App.—San Antonio May 21, 2008, orig. proceeding) (per curiam) (mem. op.); *Batcher v. Wilkie*, 975 F.3d 1333, 1339 (Fed. Cir. 2020).[5]

We conclude that Parson's petition constituted impermissible collateral attacks of prior orders. As a result, we find that the trial court properly granted the plea to the jurisdiction.

## IV. Conclusion

We affirm the trial court's judgment.

Scott E. Stevens
Justice

Date Submitted:    May 25, 2021
Date Decided:    November 18, 2021

---

[5]We cite these cases merely to show that Parsons's argument of federal preemption here does not render the child support orders void and express no opinion on the merits of Parsons's complaints.